614 P.2d 330

JOHN A. ARTUKOVICH & SONS, INC.,
a California Corporation,
Plaintiff/Appellee,

v.

RELIANCE TRUCK CO., an Arizona
Corporation, Defendant/Appellant.

No. 2 CA–CIV 3298.

Court of Appeals of Arizona,
Division 2.

Dec. 21, 1979.

Rehearing Denied Jan. 30, 1980.

Review Granted Feb. 20, 1980.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by Gary F. Howard, Tucson, for plaintiff/appellee.

Yankee, Bernstein & Lutich, P. C. by Thomas W. McLellan, Phoenix, for defendant/appellant.

OPINION

RICHMOND, Chief Judge.

After trial to the court, plaintiff was awarded compensatory damages of $6,956.59 and punitive damages of $6,000 for defendant's conversion of plaintiff's crane. The compensatory damages were itemized by the court in a minute entry as $5,500 for use of the crane, $493.05 for an inspection fee, and $963.54 for replaced cable. On appeal, defendant disputes (1) all of the compensatory damages except the inspection fee, and (2) the award of punitive damages. We agree that the evidence did

not support any recovery for loss of use or the award of punitive damages.

Plaintiff had leased its crane to a third party, the Ashton Company, which in turn hired defendant to transport the crane from Tempe to Tucson by August 1, 1975. The lease was for a guaranteed term of nine months commencing September 1 but with rental to commence the first day the machine was actually used if before September 1, and provided for delivery to Ashton "F.O.B. Tempe, Arizona" on or about July 26, 1975. On Wednesday, July 23, defendant dismantled and loaded the crane on its trucks in Tempe. While it was being loaded, Sam Curl, defendant's operations manager, called Ashton's equipment manager to ask whether defendant could use the crane to unload a 246,000-pound transformer from a rail car on the west side of Phoenix before transporting the crane to Tucson. The Ashton employee said he would have to talk to Harold Ashton but would get back to Curl. Curl called again the next day but was unable to reach Harold Ashton. The crane was then moved to the Phoenix job site and reassembled. On Friday Curl again called the Ashton Company and for the first time was told "that the deal would have to be made with John Artukovich." Curl testified that he tried unsuccessfully to reach Artukovich but on Saturday proceeded to unload the transformer without receiving permission because "we had gotten ourself in a position where we had to do something right or wrong." Defendant's witnesses at trial contended defendant was always ready to pay a reasonable rental to either Ashton or Artukovich for its use of the crane.

■ Defendant argues there can be no recovery for loss of use because plaintiff was not entitled to possession of the crane after defendant took delivery for Ashton. We agree. Damages for wrongful detention are only recoverable by one who has a legal right to use the property and was in a position to use it but was prevented from doing so by the wrongful detention. *Downs v. Shouse*, 18 Ariz.App. 225, 501 P.2d 401 (1972). Once possession was delivered to Ashton in Tempe pursuant to the lease, plaintiff could not use the crane or rent it to anyone else. Its recovery therefore was limited to any damage resulting from defendant's unauthorized use.

■ Defendant does not dispute that portion of the judgment referable to a safety inspection after the crane was delivered to Tucson but contends the cable would have had to be replaced in any event. The damages awarded for replacement of the cable, however, are supported by the testimony of John A. Artukovich, president of the plaintiff corporation, that new cable was installed as a safety measure because of the possibility that defendant had stressed the old cables beyond their capabilities and that the used cable had only scrap value. The amended Ashton lease permitting cable replacement at plaintiff's expense was executed after defendant's unauthorized use.

■ The remaining issue is whether defendant's unauthorized use of the crane will support an award of punitive damages. Defendant relies on the case of *Continental National Bank v. Evans*, 107 Ariz. 378, 489 P.2d 15 (1971), in which the court reversed a judgment for punitive damages for lack of evidence to substantiate a finding of spite, ill will or willful and wanton misconduct. Plaintiff contends defendant's wrongful use of the crane was willful misconduct amounting to embezzlement, A.R.S. § 13–682(A)(2), repealed effective October 1, 1978, rendering *Continental National Bank* inapplicable. We disagree. The evidence does not establish the fraudulent intent that is an essential element of embezzlement. *See State v. Scofield*, 7 Ariz.App. 307, 438 P.2d 776 (1968).

It is undisputed that defendant's operations manager attempted on more than one occasion to obtain permission to use the crane from the Ashton Company before being informed that permission must be obtained from plaintiff. The only factual dispute, which must be resolved against defendant in support of the trial court's judgment, is whether the operations manager tried unsuccessfully to communicate with plaintiff before using the crane. Artukovich testified he first learned of the unauthorized use from the Ashton Company on August 4. Nevertheless, the evidence does not support the conclusion that defendant

acted maliciously or tried to conceal its act. To the contrary, it is uncontroverted that its intention was made known in advance to the Ashton Company in the belief that the latter could authorize use of the crane. Though defendant proceeded to use it after learning otherwise, there is nothing to refute the testimony that it did so with the intention of paying a reasonable rental.

As authority for its position in *Continental National Bank,* supra, the court cited *Lutfy v. Roper,* 57 Ariz. 495, 115 P.2d 161 (1941), in which the refusal to submit to the jury the question of punitive damages in a fraud case was upheld for lack of evidence of ill will or spite. If a deliberate misrepresentation without more does not support an award of punitive damages, we find no basis for such an award in the record before us. *See also Hunter Contracting Co. v. Sanner Contracting Co.,* 16 Ariz.App. 239, 492 P.2d 735 (1972).

The judgment is modified to award plaintiff the sum of $1,456.59 and as so modified is affirmed, each party to bear its own costs.

HOWARD and HATHAWAY, JJ., concur.